THE STATE, EZRA M. HUNT ET AL., PROSECUTORS, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF RAHWAY.

1. To overcome the report of commissioners of assessment as evidence, clear proof of great force is requisite.
2. A determination of such commissioners that no property lying more than one hundred feet from the improvement is benefited, and that by reason of the uniformity of the land, the actual benefits are distributed according to frontage, is not necessarily illegal.
3. The greater value of land may justify a larger assessment.
4. The fair cost of an improvement which reasonable owners would make for the better enjoyment of their property, is a just criterion for determining the benefits received.
5. Whether commissioners will make personal examination beyond the line of the improvement, to discover what property is benefited, provided they take into consideration how far the benefits extend, is a matter for their own discretion, unless it be shown that they have failed to embrace all such property.
6. An injustice done to the city in making a local assessment, will not be good ground for complaint by a prosecutor who does not show that he is injured thereby.

On *certiorari.*

Argued at June Term, 1877, before Justices SCUDDER, DIXON and REED.

For the prosecutors, *J. H. Stone.*

For the defendant, *Garret Berry.*

The opinion of the court was delivered by

DIXON, J. The *certiorari* in this case brings up for review a re-assessment made upon lands of the prosecutors, for grading, curbing and guttering Milton avenue from Main street to Scott avenue, in the city of Rahway, pursuant to a supplement of the city charter, passed March 27th, 1875. *Pamph. Laws, p.* 251.

Under a rule of this court, granted in accordance with the supplement to the *Certiorari* Act, approved February 24th, 1876, (*Pamph. Laws, p.* 20,) the commissioners of assessment have certified that " they personally examined and determined, in making said re-assessment, what lands in the city of Rahway were peculiarly benefited; and that they assessed all lands so benefited in proportion to the actual benefits received by each lot or parcel of land, and that they assessed no lot or parcel of land more than the amount of benefits received."

The ground of the prosecutors' complaint is, that this certificate is not true; that the commissioners laid the assessment arbitrarily, having reference to the costs and expenses and frontage only ; that they laid it without limitation, by reason of the peculiar benefits to the land assessed, and without reference to what property was benefited, other than such as fronted on the improvement, and without any examination of such property to see if it was benefited.

Under the ninth section of the *Certiorari* Act, of March 27th, 1874, (*Rev., p.* 50,) it is our duty, in this class of cases, to determine disputed questions of fact, and affirm or reverse the assessment, in whole or in part, according to the justice of the case. Still, in determining such questions, the official certificates of the commissioners, under their oath and in the line of their duty, are entitled to much weight as evidence, and only clear proof of great force will justify us in concluding that they are erroneous. *State, Pudney, pros.,* v. *Passaic,*

8 *Vroom* 65 ; *State, Van Solingen, pros.*, v. *Harrison, ante p.* 51.

In the present case, no testimony was taken, save that of one of the three commissioners. In his evidence, there is some inconsistency of expression, but I gather, as the substance of what he says, that the commissioners, on consideration of the matter, concluded that no property lying more than one hundred feet from Milton avenue was benefited, and that as a general rule, owing to uniformity of the land as to grade and other conditions, the benefits were distributed along the line of the improvement in proportion to the frontage; that the exceptions to this rule were a few lots which, by reason of their nearness to the business centre of the town, were more valuable, and, therefore, derived a larger share of advantage; and such other lots as lay near to intersecting opened streets, and on that account were more beneficially affected.

There is nothing in the evidence which satisfies me that any of these conclusions is subject to just criticism. They are all consistent with and even sustain the idea that the commissioners, in performance of their legal functions, fairly exercised a rational judgment in the distribution of burdens according to benefits. *State, Van Solingen, pros.*, v. *Harrison, ubi supra.*

The witness states that in fixing the amount of benefits, the commissioners took into account the cost of the improvement. This was quite right. The actual cost was a circumstance to be considered in ascertaining the fair cost, and the fair cost of an improvement which reasonable owners would make, at their own expense, for the better enjoyment of their property, might, I think, be a just criterion for determining the benefits received. No attempt is made in this case to show that the actual cost was not a fair cost, or that the improvement itself was unwisely projected.

The witness also states that the commissioners did not go outside of the line of the improvement, or make any personal examination of any property outside of that line, *because,* in

their judgment, the property on the line of the street was benefited to the full amount of the cost, except what was assessed to the city.   The fact that they did not go and make personal examination of property beyond the line is not inconsistent with their having performed their duty.   Their knowledge of the locality might be and probably was such that an examination of the line of the improvement enabled them to fix the proper limit to benefits.   They were not bound to make personal inspection of every lot in the city, and how far they would extend their examination was a matter for their own discretion, unless it be shown (as it is not here,) that they have failed to embrace all the property benefited.   The reason given by the witness, if it was the whole reason, would, indeed, be a bad one, but he also expressly says that the commissioners assessed all lands which, in their judgment, were benefited, and took that fact into consideration.   I judge, therefore, that the witness has given only a part of the reason which must have actuated him and his associates; but that should not invalidate the assessment.

It also appears that some of the lots on the street were less than one hundred feet deep; and that in such cases the commissioners determined first, what assessment would have been imposed on those lots had they been one hundred feet in depth ; and secondly, what assessment they should bear as they stood ; the difference between these two sums they assessed to the city.   Such a course seems to me to furnish no ground of complaint to the prosecutors.   If the commissioners, as they report, assessed all the property benefited, then there were only two things that could be done with this difference ; one was, to leave it charged against the city ; the other was, to distribute it as an additional imposition on the property assessed.   The former course was the less burdensome to the prosecutors.

No evidence warrants even a supposition that the assessment exceeds the benefits.

I find no sufficient reason for believing that injustice has

been done by this assessment, and, therefore, think it should be affirmed.

The original report of the commissioners having been defective, and the defects having been supplied only under these proceedings, no costs should be allowed to the city.