ANNE E. SINCLAIRE, EDWARD P. SINCLAIRE AND HARRIET SINCLAIRE, PROSECUTORS, v. THE TOWN OF WEST HOBOKEN ET AL.

Under the charter of the township of West Hoboken (*Pamph. L.* 1875, *p.* 600), the commissioners appointed to assess for benefits arising from a street improvement, must exercise their own judgment in fixing the area of assessment. If they merely follow instructions received from the town council or the town engineer, their assessment will be illegal.

On *certiorari* in matter of assessment.

Argued at February Term, 1895, before Justices DIXON and LIPPINCOTT.

For the prosecutors, *Abel I. Smith.*

For the defendants, *Frederick Frambach, Jr.*

The opinion of the court was delivered by

DIXON, J.    This *certiorari* brings up an assessment levied by commissioners September 25th, 1894, and confirmed by the town council of West Hoboken October 31st, 1894, for benefits accruing from the opening of Monastery street between West street and Kerrigan avenue.

In February, 1892, the same commissioners had reported to the council an assessment for the same improvement, in which they charged, for benefits received, a much larger area than is embraced in the present assessment; and on March 30th, 1892, the council had resolved that, in their opinion, the commissioners had included in their assessment lands which were not specially benefited, mentioning particularly all lands lying west of Kerrigan avenue, and all lots fronting on High Point avenue, as unquestionably not being subject to assessment; and for this cause the council had refused to confirm that assessment and had referred the matter back to the commissioners.

The present assessment imposes small charges on lands lying west of Kerrigan avenue, and none on lots fronting on High Point avenue.

One reason assigned by the prosecutors for the illegality of this assessment is, that the commissioners did not exercise their own judgment in defining the area of land which was specially benefited by the improvement. That it was the duty of the commissioners to do so seems plain from the provisions of the statute under which they were acting, viz., a supplement to the charter of the township, approved April 9th, 1875. *Pamph. L., p.* 600. The fourth and fifth sections of this supplement direct that the costs and expenses of each improvement shall be determined and assessed by three commissioners, on all the land and real estate, *in the opinion of said commissioners,* specially benefited by the improvement, in proportion to the benefit received; that the commissioners shall report their assessment to the township committee (now town council); and that, if the township committee refuse to confirm the same, they may return it to the said commissioners for such amendment as may, *to the commissioners,* seem necessary.

The testimony taken in the cause makes it manifest, notwithstanding the commissioners' report, that in the present instance, the commissioners did not perform this duty, but, on the contrary, regarded themselves as bound by the judgment of the town council or town engineer. One of the commissioners testifies as follows:

"*Q.* Why did you assess over a much smaller area of territory in your last assessment than in your first?

"*A.* The engineer told us the area was legal there, according to the rules laid down by the Supreme Court.

"*Q.* When he told you that was the only area you could assess, you adopted that, and you fixed your area on the advice of the engineer?

"*A.* Yes, sir; on the advice of the engineer."

The testimony of another commissioner is in these words·

"*Q.* Why didn't you make the area of assessment in your last assessment the same as in your first assessment?

"*A.* I think it was by the instruction of the town board; I won't be sure.

"*Q.* Why did you leave out the property that was in the first assessment, in your last?

"*A.* By instruction.

"*Q.* It was by somebody's instruction, was it?

"*A.* I think so."

And the third commissioner said that they had assessed on High Point avenue, but the board would not have it, and then they made the area smaller, and so had to increase the assessments on the property within the area.

On this state of facts, the assessment against the prosecutors must be adjudged illegal, and set aside, with costs against the town.