37 N.J. Super. 574 (1955)
118 A.2d 60
BENJAMIN MANNING, PLAINTIFF-RESPONDENT,
v.
BOROUGH OF PARAMUS, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, MAYOR AND COUNCIL OF THE BOROUGH OF PARAMUS, AND PLANNING BOARD OF BOROUGH OF PARAMUS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 17, 1955.
Decided November 4, 1955.
*577 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. James A. Major argued the cause for appellants (Mr. Guy W. Calissi, attorney).
Mr. Walter T. Wittman argued the cause for respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
On June 30, 1954 the Mayor and Council of the Borough of Paramus adopted an ordinance designated as No. 305 further to amend and supplement its zoning ordinance No. 201 of 1946, the effect of which is to locate an area of farm lands including those of the plaintiff within the boundaries of residential district A. The plaintiff was thereby aggrieved and instituted the present action in quest of a judgment nullifying the validity of the amendatory and supplemental ordinance.
The complaint embraces four counts, the first and third of which declare that the rezoning of the plaintiff's land was arbitrary and capricious, the second that the action of the municipal planning board was not conformable with any comprehensive zoning plan, and the fourth alleging that the rezoning amendatory ordinance was not procedurally considered, published and adopted in accord with the requirements of the applicable statutes.
Recognizing that a judicial determination of the allegations of the fourth and last count of the complaint, if sustained, might be favorably dispositive of the plaintiff's cause of action, the plaintiff moved for a summary judgment against the defendants on that count. In that endeavor he was successful, and a summary judgment was granted adjudging the ordinance No. 305 to be null and void. The borough officials who were concerned appeal.
*578 We have no written memorandum from the trial judge expressive of the reasons upon which he based his conclusions. Cf. R.R. 1:2-8(h). However, the problem addressed to us is a narrow one in which there is no genuine and material issue of fact.
It is evident that the ordinance No. 305, containing 11 sections with many subdivisions, in its composition as originally proposed on June 9, 1954 and passed on first reading, supplemented the zoning ordinance of 1946 by the insertion in the latter of provisions to be thereafter identified as expressed in a section denominated as 5:6c-1. This particular supplemental portion of the ordinance specified in alphabetically designated succession some 14 uses to be permitted in the districts classified as Special Industrial Districts "ES" in the 1946 zoning ordinance.
Among those permissible uses specified in the proposed ordinance as it was initially introduced was, we quote, "(b) club or private community center building." This use as here described was contained in the text of the proposed ordinance as publicly published on June 17, 1954, with the notice that its final passage would be considered by the governing body at a meeting to be held on June 30, 1954. Additionally it may be stated that the public hearing so advertised was conducted.
It is not evident that the use designated as (b) was the subject of any controversial comment at the hearing, nor that its presence in or exclusion from the proposed ordinance in any wise concerned the plaintiff. However, it was conceded at the argument before us that the use (b) was deleted from the ordinance as finally adopted by the Mayor and Council at the meeting on June 30, 1954.
Significantly, no information concerning its deletion or the reason for it is discoverable in the official minutes of the proceedings at the meeting. Public notice of the final passage of the ordinance identified by its title was published on July 15, 1954.
We deduce from the prefatory recitals of the final judgment entered by the trial judge that he resolved as a matter *579 of law that the mayor and council of the borough failed in the purported adoption of the ordinance to comply with the applicable requirements of our statutory law governing the enactment of municipal ordinances.
The notable statutory precepts to which counsel encourage our particular attention reside in R.S. 40:49-2 (since amended, L. 1955, c. 121) and R.S. 40:55-34. The issue debated seems to encircle only two questions, viz., was the proposed ordinance amended in the respect mentioned by the official action of the governing body, and if so, did such deletion by amendment "substantially alter the substance of the ordinance"?
Anent the first question, we are not informed factually in an evidential fashion whether the obvious deletion of subsection (b) was the result or not of unrecorded official action of the municipal governing body. We are not in the law to presume, however, in all circumstances that no essential official action was taken merely because of the absence of any relative entry thereof in the minutes prepared by the clerk or secretary at the meeting. Cf. Hasbrouck Heights Hosp. Ass'n. v. Borough of Hasbrouck Heights, 15 N.J. 447, 454 (1954).
The legal presumption runs in the opposite direction toward the implication that the proceedings of governmental bodies are conducted according to the requirements of the law.
"The presumption of the validity of an ordinance is fully applicable with respect to the regularity of steps and proceedings in its enactment, and accordingly substantial compliance with mandatory requirements pertaining to the passage of an ordinance is presumed. Hence, it is presumed that the municipal legislative body and other city officials have done what is necessary to make the ordinance valid. Indeed, there is as a matter of necessity a presumption in all cases that an ordinance has been properly passed."
6 McQuillin, Municipal Corporations (3d ed. 1950) 354, § 22.34.
The presumption of the regularity of the passage of an ordinance, however, is not conclusive. It may be *580 eradicated by affirmative proof that the ordinance was not enacted in obedience to the requisite formalities. Cf. West Essex Bldg. & Loan Ass'n. v. Borough of Caldwell, 112 N.J.L. 466 (Sup. Ct. 1934), affirmed 113 N.J.L. 398 (E. & A. 1934). Moreover here the minutes reveal that the ordinance was in fact introduced, considered, and finally adopted, as we are told, in its amended form. The only deficiency in the municipal records is the absence therein of any specific entry relative to official action concerning the amendment.
In the silent state of the evidence in that particular in the present case, the presumption of the occurrence of lawful action by the mayor and council prevails.
The second question is the more controversial one. Embodied in R.S. 40:49-2 is the following delegation of power and limitation of its exercise relative to the procedure to be pursued in the passage of municipal ordinances.
"At or after the hearing, the governing body may proceed to give the ordinance a second reading or amend it, and thereupon pass or reject it with or without amendment. If any amendment be adopted, substantially altering the substance of the ordinance, the ordinance as so amended shall not be finally adopted until at least one week thereafter, and the ordinance as amended shall be read at a meeting of the governing body, and shall be published, together with a notice of the introduction, and the time and place when and where the amended ordinance will be further considered for final passage, at least two days prior to the time so fixed. * * *"
From that legislative declaration emanates the question  was the substance, the corporeity and materiality of the proposed ordinance substantially, essentially, subjectively altered by the deletion therefrom of subsection (b)?
The isolated import and purpose of subsection (b) attracts our notice. It appears to have opened rather than closed the door upon a particular and individualized property use in those areas delineated as special industrial districts in the zoning ordinance. Its proposed effect was an additional gratuity and not an enlarged restraint. It is not made apparent that anyone of the public manifested *581 any personal interest in either its inclusion in or exclusion from the proposed ordinance. And so, in the factual circumstances in so far as they are disclosed, the expunged subdivision does not seem to have attained any significant and controversial position in the public discussion of its particular provisions at the hearing. Noticeably the permitted use tentatively proposed by subsection (b) and subsequently eliminated was one likely to be availed of only in rare instances.
Assuredly, in attacking the validity of the ordinance for the stated reason and to vanquish the presumptions, the burden rested on the plaintiff to disclose by some relevant proof that subsection (b) was of such legally consequential materiality in its contributive relation to the substantive body of the ordinance that its excision therefrom ought to be regarded as a change therein which essentially altered the manifest objective intent and materiality of the ordinance. In the absence of such proof, we are not persuaded that the alteration was in this instance such as to necessitate a republication and rehearing thereon under the requirements of the statutes.
The Legislature envisioned the probable consideration by municipal governing bodies of both substantial and unsubstantial amendments of proposed ordinances during the course of their study from introduction to final adoption, and in such eventualities deemed it impracticable and unnecessary to require the complete republication of the entire ordinance as amended and conduct another public hearing concerning it unless the amendment "substantially" altered "the substance of the ordinance." The provisions of R.S. 40:49-2 and R.S. 40:55-34 are obviously homogeneous elements of our statutory law governing the enactment of municipal ordinances. They should be read together. Cf. Stirling v. City of Plainfield, 136 N.J.L. 38 (E. & A. 1947).
We conclude that the nullification of the ordinance at the suit of the plaintiff for the cause alleged in the fourth count of the complaint was erroneous. The judgment is reversed and the action remanded to the Law Division.