STATE *vs*. JOHN W. PALMER.

JUNE 21, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a complaint and warrant charging the defendant with operating a motor vehicle on a public highway in the city of Providence at a rate of speed greater than that which is reasonable and prudent, in violation of G. L. 1956, §31-14-1. From a conviction in the district court of the sixth judicial district, the defendant appealed to the superior court where a justice thereof, sitting without a jury, rendered a decision adjudging him guilty as charged. The case is before us on his bill of exceptions to certain evidentiary rulings and to the decision.

The record discloses that on August 22, 1960, defendant was operating a motor vehicle northerly on the Dennis J. Roberts Expressway at an undisputed speed of 45 miles per hour. The defendant was clocked and stopped by the arresting officer at approximately quarter to eleven in the morning and at a place where the lawful limit as established by G. L. 1956, §31-14-2, was 50 miles per hour. The charge of unlawful speed, however, was based on an assumption that the proper local authority for the city of Providence had, prior to the date of the alleged offense, declared a reasonable and safe prima facie limit to be 35 miles per hour, in accordance with the provisions of G. L. 1956, §31-14-7, which provides:

> "Whenever local authorities within their respective jurisdictions determine upon the basis of an engineering and traffic investigation that the prima facie speed permitted under this chapter upon any street or highway outside a business or residence district is

greater than is reasonable or safe under the conditions found to exist upon such street or highway, the local authority may determine and declare a reasonable and safe prima facie limit thereon but in no event less than thirty-five (35) miles per hour and subject to §31-14-8, which reduced prima facie limit shall be effective at all times or during hours of darkness or at other times as may be determined when appropriate signs giving notice thereof are erected upon such street or highway."

At the trial in the superior court the state introduced as evidence a copy of the city ordinance and amendments thereto relating to the establishment of a traffic engineering department and the duties of the traffic engineer as by said ordinance provided. In addition, the state called as its only witness Roger T. Chandler, traffic engineer for the city of Providence. The defense stipulated that defendant was operating the car at 45 miles per hour at the time and place as charged.

The witness Chandler testified that in August 1953 he was acting traffic engineer at the direction of the mayor. It appears from the witness' testimony that Dwight T. Myers, the traffic engineer, was then on a leave of absence and that it was not until July 1954 that Chandler was officially appointed to the office of traffic engineer. He further testified that on August 20, 1953, he promulgated regulation No. 956, the regulation in issue, by notifying the public safety director in writing and causing the regulation to be published once in the local press. Neither the letter to the director nor a copy of the newspaper publication was offered in evidence.

In the course of questioning by the state, Mr. Chandler was asked, "Can you of your own knowledge tell this Court at what limit, at what posted speed limit that section is?" He replied, "Set for 35 miles per hour." The defendant objected and moved that the answer be stricken. He contended that the proper method of establishing the prima facie limit resulting from a purported regulation promul-

gated under §31-14-7 was to introduce either the regulation or a certified copy thereof, that the witness' memory could be faulty, and that it was secondary evidence at best. The trial justice denied the motion and defendant's first exception relates thereto.

The witness was then asked if he had answered the question, to which he replied, "Yes, signs are posted at 35 miles per hour." The defendant moved that the answer be stricken, contending that the witness was testifying from the signs, which were tantamount to hearsay. The trial justice denied this motion and defendant's second exception is to such denial.

The witness further testified that studies had been conducted to determine the safe maximum speed limit at the section of the Dennis J. Roberts Expressway over which defendant was traveling. He was then asked if as a result of such studies any speed maximum limit had been established for the section in question. The defendant again objected, his objection was overruled and the witness replied, "35 miles per hour was established as the speed limit." It is to the ruling on the propriety of this evidence that defendant bases his third exception.

The three exceptions thus presented raise but a single issue, namely: Did the trial justice commit prejudicial error by accepting the oral testimony of the traffic engineer as a substitute for regulation No. 956 or a certified copy thereof?

Assuming that the acceptance of secondary evidence constituted error, in a jury-waived trial it would be prejudicial only if necessary to support the trial justice's decision since if it were not essential it could be reasonably presumed that the trial justice did not rely upon it. In the case at bar, however, the testimony to which objection was made was the only evidence on which the trial justice could find that defendant was guilty of driving at a rate of speed greater than that which was reasonable and prudent, since

§31-14-2 established a maximum prima facie speed of 50 miles per hour.

We are of the opinion that defendant's exceptions are well taken. There was nothing before the trial justice tending to prove that the regulation relied upon had actually established a prima facie maximum of 35 miles per hour; that the regulation was in fact promulgated at all; or that, if promulgated, such promulgation was in compliance with the city ordinance and the applicable statute except from Mr. Chandler's recollection that such was the case.

The introduction in evidence of regulation No. 956, or a certified copy thereof, would have carried with it a presumption of regularity and the burden of establishing the contrary would have been on defendant as an affirmative defense. See Judicial Opinion, 35 N. H. 579. No such presumption can attach to the testimony of the traffic engineer as to the provisions of the regulation, the fact of its promulgation or the validity of the procedure adopted. Moreover §31-14-8 provides that no alteration of the maximum limit provided in the statute shall become effective until such alteration has been approved by the state traffic commission. There is no evidence whatsover that the state traffic commission had approved the regulation, assuming it had been properly promulgated.

Considering the nature of the evidence relied upon by the trial justice and having in mind the ready accessibility to the best evidence by the state, we are of the opinion that in receiving and relying on such secondary evidence as is here present the rulings of the trial justice were prejudicial.

The defendant's fourth exception is to the decision and rests on the proposition that from the evidence, as related to the city ordinance, assistant traffic engineer Chandler was without authority to promulgate regulation No. 956 on August 20, 1953. Since in the view we take of the defendant's first three exceptions that there is a complete

failure of proof, we do not deem it necessary to consider his remaining exception.

The defendant's exceptions herein considered are sustained, and the case is remitted to the superior court with direction to enter a decision of not guilty.

FROST, J., dissenting. With all due deference to the opinion of the majority I am unable to agree with it.

Roger T. Chandler testified that he started employment in 1947 as assistant traffic engineer, was acting traffic engineer, 1953 to 1954, and traffic engineer from 1954; that in June 1953 Mr. Myers was granted leave of absence by the mayor; that on August 20, 1953 he, Mr. Chandler, promulgated regulation No. 956 by letter to John B. Dunn, department of public safety, police department, and by advertising once in the press. This regulation reduced the prima facie reasonable speed on the Dennis J. Roberts Expressway to 35 miles per hour.

The mayor orally appointed Mr. Chandler to carry on the business of the department during Mr. Myers' absence, and that he did. He was in charge of the department, whether with or without title, in the absence of Mr. Myers. Clearly his position gave him the right to reduce the speed on the expressway as he did. To say now that he did not have that power is in my judgment a mistake. So far as appears the limit of reasonable speed of 35 miles per hour was not changed from the time it was set at that figure in August 1953. It would seem that it must have been confirmed either by Mr. Myers or by Mr. Chandler or by both in the space of seven years. In my opinion the conviction should have been upheld.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for State.

*Aram K. Berberian,* for defendant.