STATE OF CONNECTICUT *v.* DEMETRA KLAPES

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 14-11606

Argued December 14, 1962—decided April 2, 1963

*William J. Butler,* of Hartford, for the appellant (defendant).

*Sebastian J. Russo,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J. There is no dispute that the defendant did in fact pass a stop sign. The only question raised is whether the state, in order to prove a prima facie case, was required to establish that the stop sign had been legally erected. No evidence

was offered as to the authority for the stop sign, and the defendant contends that without such proof there could be no conviction under § 14-301 (c) of the General Statutes.

Section 14-301 provides, in part, as follows: "The traffic authority of any town, city or borough may designate any highway or part thereof under the control of such town, city or borough as a through way and may, after notice, revoke any such designation. (b) No designation of a through way shall become effective as to regulation of traffic at any intersection thereon until . . . such . . . traffic authority has caused signs to be erected at such intersections. Each such sign shall bear the word 'Stop,' which shall be self-illuminated at night or so placed as to be illuminated by street lights or by headlights of approaching motor vehicles, and each such sign shall be located as near as practicable to the traveled portion of the highway at the entrance to which the stop is to be made, or at the nearest line of the crosswalk thereat, and shall be clearly visible for a distance of one hundred feet along the street intersecting the through way. (c) The driver of a vehicle shall stop in obedience to a stop sign."

The court has found that the defendant, while traveling in a southerly direction on South Whitney Street in Hartford, failed to stop at a stop sign at the intersection of South Whitney Street and West Boulevard. The sign was red in color with white lettering, was elevated from the curb line, and was visible for at least 100 feet for traffic proceeding southerly on South Whitney Street. The defendant did not testify.

The defendant claims that the statute fails to provide that the presence of the sign shall be prima facie evidence of its legality. She argues that, by way of analogy, § 14-219 of the General Statutes,

which deals with the establishment and posting of speed limits, provides that the presence of such signs shall be prima facie evidence that they have been so placed with the approval of the proper traffic authority, and that, hence, the absence of a similar statutory presumption in § 14-301 indicates a legislative intent that no such presumption prevails.

It may be pointed out that these two statutes are not similar in purpose, scope or operation; therefore, there is no need to resort to statutory construction. The speeding statute, § 14-219, deals with the operation of motor vehicles and the use of highways; § 14-301 is part of the chapter on uniform traffic control and highway safety. Under the speeding statute, the appropriate traffic authority has two main duties to perform: to fix a reasonable maximum speed limit and to erect signs to that effect. To avoid the intolerably onerous task of proving the legality of the speed limit in each case of alleged speeding, the legislature, in the exercise of the police power, could create a presumption of unreasonable speed when there was speed in excess of the posted limit, and thus shift the burden of refutation to the accused. The legislature may have wisely determined such a statutory presumption indispensable in order to remove from the consideration of the trier, at least at the prima facie stage, the question of reasonableness of the posted limit.

No such need exists in the case of traffic control signs. The common-law presumption is that public officers in the discharge of their duties have observed all proper formalities, unless the contrary is proved; and this presumption serves the purpose of evidence in making out a prima facie case. *Wofsey* v. *New York & Stamford Ry. Co.,* 106 Conn. 254, 257; *Gett* v. *Isaacson,* 98 Conn. 539, 543;

*Wheatley* v. *Dubuc,* 93 Conn. 271, 276; *New London* v. *New York, N.H. & H.R. Co.,* 85 Conn. 595, 600; *Atwater* v. *O'Reilly,* 81 Conn. 367, 371; *State* v. *Main,* 69 Conn. 123, 140; *Ward* v. *Metropolitan Life Ins. Co.,* 66 Conn. 227, 239. The presumption finds expression in the legal maxim, "Omnia praesumuntur legitime facta donec probetur in contrarium." *New London* v. *New York, N.H. & H.R. Co.,* supra, 601.

In the present instance, it may be presumed as a matter of law that the traffic authority of Hartford acted in accordance with the law. See *Viggiana* v. *Connecticut Co.,* 122 Conn. 514, 518. This presumption is reenforced by § 14-310, giving the traffic authority the power to remove any private, imitation or spurious signs as a public nuisance. The traveler is thus placed under no necessity to question the legality of a stop sign. Facts that from ordinary observation appear ostensibly true may be considered true unless shown otherwise.

There is no error.

In this opinion DEARINGTON and LEVINE, Js., concurred.