127 N.J. Super. 196 (1974)
316 A.2d 731
FRANCIS X. SCHAD AND MARIE SCHAD, HIS WIFE; MILDRED M. HASSLER, GEORGE A. KLITSCH, JR., AND BESSIE KLITSCH, HIS WIFE; WILLIAM J. THIEDE AND DOROTHY H. THIEDE, HIS WIFE; JOHN DONNELLY AND MRS. JOHN DONNELLY; DAUGHTERS OF THE MOST HOLY REDEEMER, INC.; JOSEPH D'ANGELO AND KATHERINE F. D'ANGELO, HIS WIFE; G. STEFANO AND A. STEFANO; EUGENE SPIEGEL AND MRS. EUGENE SPIEGEL; GEORGE T. COLLINS; WILLIAM D. RILEY AND JEANNE D. RILEY, HIS WIFE; FRANK L. TAVANI AND MARY R. TAVANI, HIS WIFE; MARY G. HAFFEY; MARY ANN DONAHUE; FRANCIS ROMMELMAN, AND E.A. ROMMELMAN; CATHERINE M. GRIFFITH, AND EDWARD J. GRIFFITH, HER HUSBAND; J. McKEE; JAMES J. COONEY AND HELEN J. COONEY, HIS WIFE; MARY V. DELANEY; R. GLEMSER; STANLEY J. BEDNAREK AND REGINA M. BEDNAREK, HIS WIFE; JOAN LEDDY; GEORGE B. RAMSEY; THOMAS A. DORIS AND HELEN H. DORIS, HIS WIFE; J. KING; ABRAHAM L. FREEMAN AND ARLENE M. FREEMAN, HIS WIFE; JOHN U. SALZMANN AND MARY M. SALZMANN, HIS WIFE; ANTHONY J. EDWARDI AND MARY V. EDWARDI, HIS WIFE, PLAINTIFFS,
v.
CITY OF SEA ISLE CITY; FREDERICK FOURQUREAN; DAVID A. FARINI, AND ALBERT WEISS, COMMISSIONERS OF ASSESSMENT OF THE CITY OF SEA ISLE CITY, JOINTLY, SEVERALLY OR IN THE ALTERNATIVE; DOMINICK C. RAFFA; ALFRED P. LIGNELLE AND WILLIAM R. WILSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 26, 1974.
*198 Mr. Anthony D. Buonadonna for plaintiffs (Messrs. Tuso and Gruccio, attorneys).
Mr. Norman L. Zlotnick for defendants (Messrs. Perskie and Callinan, attorneys).
HORN, A.J.S.C.
Cross-motions for summary judgment are before me. Plaintiffs are landowners in defendant city who brought an action in lieu of prerogative writs for the purpose of challenging the validity of certain assessments made under N.J.S.A. 40:56-1 et seq.
In 1970 the city determined to install bulkheads on the beach from 46th Street to 55th Street, the cost of same to be defrayed in part by grants from the State Government, appropriations by the city and assessments for local improvements under the aforementioned statute.
It adopted two ordinances, number 445 which provided for the improvement between 46th and 47th Streets, and number 437 which provided for the improvement between 47th and 55th Streets.
Paragraph IV (5) of Ordinance 445 directed that the area between 46th Street and 47th Street extending from the beach to the southeasterly line of Pleasure Avenue be designated as the area within which property owners would be assessed to the extent as outlined in the ordinance. Resolution 186 provided substantially the same thing with respect to the rest of the area between 47th and 55th Streets.
Inasmuch as the city did not have an officer or board charged with the duty of making general assessments of taxes, or any other board as referred to in N.J.S.A. 40: 56-21, it appointed assessment commissioners under N.J.S.A. 40:56-22 consisting of three resident land owners of *199 the municipality for the purpose of making "the assessments for benefits for such improvement."
The primary attack upon the assessments ultimately made by these commissioners arises from the fact that they were not free to determine what lots were benefited by the improvement so that assessments should be made against same. Thus, plaintiffs contend that the city illegally usurped the function which the statute charged the assessment commissioners to perform.
Depositions of two of the three assessment commissioners make it abundantly clear that although they examined the locus of the improvements, they never considered benefits sustained by lands outside of the area designated by the governing body through the ordinance and resolution respectively.
I agree with this contention. The city was without authority to predetermine the benefited area. That function is imposed by the statute exclusively on the assessment commissioners. Had the commissioners ignored that direction and had they arrived at the same assessment as reported by them, there probably would be no basis for this attack. However, they followed the direction of the governing body. State, Hunt, Pros. v. Rahway, 39 N.J.L. 646 (Sup. Ct. 1877), aff'd o.b. 40 N.J.L. 615 (E. & A. 1878).
In Sinclaire v. West Hoboken, 58 N.J.L. 129 (Sup. Ct. 1895), one of the reasons assigned by the prosecutors of the writ of certiorari was that the commissioners did not exert their own judgment in defining the area of land which was specially benefited by the improvement because, having done so earlier, the municipal body had rejected the first report of assessments and directed them to reassess a smaller area. The statute involved in that case directed the commissioners to determine and assess the costs and expenses of improvement "on all the land and real estate, in the opinion of said commissioners, specially benefited by the improvement, in proportion to the benefit received * * *." Testimony of the commissioners in that case made it amply clear that they had *200 omitted the property included in the first assessment as a result of such instruction.
In Bradley v. Asbury Park, 87 N.J.L. 293 (E. & A. 1914), the court held that the common council of defendant city did not have the power to limit the range of the assessment to the abutting landowners as they attempted to do by providing such limitation in the ordinance itself. The controlling statute in that case provided that "all property benefited should be assessed to the extent of the benefits."
In DeMarmon v. Roselle, 8 N.J. Misc. 904, 152 A. 656 (Sup. Ct. 1930), plaintiffs, in challenging the assessment, argued that the governing body had failed to establish the tentative area of the assessment for the improvement. The court stated that there was no such statutory requirement "but, on the contrary, no such power can reasonably reside in the governing body, but from and for practical necessity must reside in the commissioners of assessment."
Defendants contend that inasmuch as the city could have made such a determination through a board of assessment or other legally appointed body, such fact implies that it could predetermine the area for assessment where it appointed commissioners of assessment. That does not follow, since the statute is clearly to the contrary.
Defendants next urge that inasmuch as the improvement was for the purpose of checking the action of waves and not to prevent damage caused by flooding, it was perfectly legal and appropriate for the city to designate the area for the assessments. This does not follow either. A governing body may not act in violation of a statutory mandate based on its determination of the ultimate benefits flowing from an improvement.
Defendants further assert that inasmuch as the attack comes over two years after the work on the bulkhead was completed, it is barred under the doctrine of laches.
I have considered whether or not plaintiffs should have taken action sooner with respect to Ordinance 445 and Resolution 186, inasmuch as the direction to the assessment commissioners *201 was obvious from the content of these respective municipal actions. However, it is admitted by defendants that the action to review the assessments was timely. As I have already stated, the assessment commissioners were not obliged to follow the direction of the respective ordinance and resolution. If they had not followed them, probably no successful attack on the assessment could be sustained.
Finally, defendants assert that the method employed by the assessment commissioners was reasonable and valid and, therefore, should not be set aside.
Ordinarily, it is incumbent upon one who questions the action by a municipality or any of its assignees to establish the error, the invalidity, abuse of discretion, arbitrariness, unreasonableness or capriciousness, because such actions are presumptively valid. Manning v. Paramus, 37 N.J. Super. 574 (App. Div. 1955). However, the error has been established by proof from two out of the three commissioners of assessment that they never gave any thought to considering benefits outside the area designated by the governing body. Consequently, this contention is likewise without merit. Sinclaire v. West Hoboken, supra.
In view of the foregoing, judgment will be entered setting aside the assessments.