129 N.J. Super. 229 (1974)
322 A.2d 836
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROSS L. COOPER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 18, 1974.
Decided July 8, 1974.
*230 Before Judges CARTON, LORA and SEIDMAN.
Mr. Justinian G. Connors, Jr., attorney for appellant.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Peter S. Hamerslag, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by CARTON, P.J.A.D.
Defendant was convicted in the municipal court of disregarding a traffic signal, specifically, passing a red light on Hooper Avenue in Brick Township. He was fined $10 and assessed $10 additional costs. After a trial de novo in the County Court he was again found guilty.
Defendant appeals, contending on appeal, as he did below, that the State failed to prove beyond a reasonable doubt an essential element of its case  that the traffic signal was placed in accordance with the law. The statute on which he was convicted reads in pertinent part as follows:
*231 The driver of every vehicle * * * shall obey the instructions of any official traffic control device applicable thereto, placed in accordance with the provisions of this chapter. * * * [N.J.S.A. 39:4-81; emphasis supplied]
Both the municipal court and the County Court took the position that the alleged invalidity of the signaling device was an affirmative defense and that the burden of establishing it rested upon the proponent. We agree.
Our courts have stated that the Motor Vehicle Act is penal, and a violation of its provisions results in a prosecution of a quasi-criminal action. State v. McCarthy, 30 N.J. Super. 6, 9 (App. Div. 1954); State v. Ring, 85 N.J. Super. 341, 343 (App. Div. 1964), certif. den. 44 N.J. 407 (1965), cert. den. 382 U.S. 812, 86 S.Ct. 24, 15 L.Ed.2d 60 (1965). Further, the courts have said that as in all criminal prosecutions the State has the burden of proving all the essential elements of a motor vehicle violation. State v. Ring, supra at 343.
The statute makes it clear that the essential elements of a violation are that (1) defendant was a driver of a vehicle; (2) he failed to obey the instruction of a control device; (3) the device in question was official, and (4) the device was placed pursuant to the applicable statutes. Absent a presumption shifting the burden of going forward, it would seem that the obligation would ordinarily rest upon the State of showing that the traffic control device in question was an official one and that it was properly placed at its location.
Whether there is such a presumption in a case involving a violation of the Motor Vehicle Act has not, until this time, come before the courts of this State. However, this court has determined that there exists such a presumption as to the official nature and proper placement of traffic control devices in civil cases. Davidson v. Fornicola, 38 N.J. Super. 365 (App. Div. 1965), certif. den. 20 N.J. 467 (1956). There we said:
*232 * * * [I]n civil actions such objects of the common and conventional size, shape and appearance as stop signs, traffic signals and devices, safety isles, and pavement markings as may be placed in or over and on the public streets and highways shall in the absence of evidence which renders the presumption unavailable, be presumed to have been lawfully erected, placed and maintained. The presumption is, however, of a rebuttable nature. * * * We emphasize that our ruling is intended only to be applicable to the trial of civil actions. * * * [at 379]
See also Weinstein v. Newark, 100 N.J. Super. 199, 208 (Law Div. 1968).
From a standpoint of reason and common sense we think a similar presumption should apply with respect to the erection of a traffic control device and its placement.
N.J.S.A. 39:1-1 defines "official traffic control devices" as "all signs, signals, markings, and devices not inconsistent with this subtitle placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning, or guiding traffic."
N.J.S.A. 39:4-202 provides:
No resolution, ordinance or regulation passed, enacted or established under authority of this article, shall be effective until submitted to and approved by the director as provided in section 39:4-8 of this Title.
In pertinent part N.J.S.A. 39:4-8 reads:
No ordinance or resolution concerning, regulating or governing traffic or traffic conditions, adopted or enacted by any board or body having jurisdiction over highways, nor any such regulation promulgated by the State Highway Commissioner, shall be of any force or effect, unless the same is approved by the director or has been approved by the Commissioner of Motor Vehicles or the Traffic Commissioner according to law. * * *
Our courts have often stated that governmental action is presumed valid until the contrary is demonstrated. Earl v. Winne, 14 N.J. 119, 134 (1953); Edelstein v. Asbury Park, 51 N.J. Super. 368, 389 (App. Div. 1958); DeMarco v. Bergen Cty. Bd. of Chosen Freeholders, 36 N.J. Super. 382, 384 (Law Div. 1955), aff'd 21 N.J. 136 (1956). This presumption has been carried over into criminal cases. Thus, *233 in State v. Kuznitz, 105 N.J. Super. 33 (Cty. Ct. 1969), the court stated that there is a presumption that law enforcement officers acted legally in executing a search warrant. Similarly, the court has said there is a presumption that jury commissioners acted within the scope and authority of their office. State v. Forer, 104 N.J. Super. 481 (Law Div. 1969). While a presumption of this kind has not been extensively discussed in the reported decisions, its existence seems beyond dispute. See United States v. Bellmer, 404 F.2d 132, 134 (3 Cir.1968); 9 Wigmore, Evidence (3d ed. 1940), § 2534 at 488.
Moreover, there is a well settled rule of law that there is a presumption of validity of municipal action, and the governing body did what the law required in the absence of contrary proof. Cf. Campbell v. Teaneck Tp. Committee, 101 N.J.L. 461, 465 (Sup. Ct. 1925); Manning v. Paramus, 37 N.J. Super. 574, 579 (App. Div. 1955).
In Manning the court quoted from 6 McQuillin, Municipal Corporations (3d ed. 1950), § 22.34 at 354, as follows:
The presumption of the validity of an ordinance is fully applicable with respect to the regularity of steps and proceedings in its enactment, and accordingly substantial compliance with mandatory requirements pertaining to the passage of an ordinance is presumed. Hence, it is presumed that the municipal legislative body and other city officials have done what is necessary to make the ordinance valid. * * *
Our research has disclosed only one case where the precise issue posed here has been considered by an appellate court. In State v. Klapes, 2 Conn. Cir. 23, 193 A.2d 901 (App. Div. 1963), the defendant argued that the state, in order to prove a prima facie case, was required to establish that the stop sign in question was legally erected. In that case, as here, no proof was offered on this issue at the trial. The court, in ruling that there was a presumption the stop sign was legally erected, stated:
No such need exists in the case of traffic control signs. The common-law presumption is that public officers in the discharge of their *234 duties have observed all proper formalities, unless the contrary is proved; and this presumption serves the purpose of evidence in making out a prima facie case. The presumption finds expression in the legal maxim, "Omnia praesumuntur legitime facta donee probetur in contrarium."
In the present instance, it may be presumed as a matter of law that the traffic authority of Hartford acted in accordance with the law. This presumption is reenforced by § 14-310, giving the traffic authority the power to remove any private, limitation or spurious signs as a public nuisance. The traveler is thus placed under no necessity to question the legality of a stop sign. Facts that from ordinary observation appear ostensibly true may be considered true unless shown otherwise.
There is no error. [Id at 902, 903; citations omitted].
But see contra, People v. Gay, 5 Misc.2d 648, 164 N.Y.S. 2d 526 (Cty. Ct. 1957).
We agree with the reasoning and the conclusions arrived at by the Connecticut court in Klapes. As in that case, the presumption is further strengthened here by virtue of the existence of a statute which forbids the display or use of any unauthorized traffic sign or device. N.J.S.A. 39:4-183.3. Without evidence to the contrary, it can reasonably be inferred that N.J.S.A. 39:4-183.3 is being complied with, and therefore that the only traffic control devices in use are official traffic control devices as authorized by the Motor Vehicle Act. (See Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed. 176 (1969), reh. den. Ivanov v. United States, 394 U.S. 939, 89 S.Ct. 1177, 22 L.Ed.2d 475, in which the United States Supreme Court said without experience to the contrary they would not assume the wiretap statute was disregarded or not enforced.)
Existence of such a presumption does not relieve the State of the burden of proving that the light was official and properly placed. Once the State has proved, however, that a traffic control device does exist in a specific location, it is to be presumed official and properly placed there. The burden of going forward and adducing evidence to rebut the presumption then falls upon defendant.
Affirmed.