366 A.2d 146.

STATE *vs.* JOSEPH S. PISCOPIO.

DECEMBER 8, 1976.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This is a complaint and warrant charging that the defendant, while operating a motor vehicle on a public highway, violated G. L. 1956 (1968 Reenactment) §31-13-9[1] by failing to stop for a traffic control device which was flashing red against him. After being convicted and fined in the District Court, Third Division, he appealed to the Superior Court, where he was tried before a judge and jury. At that trial, the state relied upon the testimony of a police officer that on December 16, 1970, a vehicle operated by the defendant proceeded at an estimated speed of 25 miles per hour through a flashing red light located at an intersection in the city of Warwick. Over the defendant's objection the case was submitted to the jury on that evidence and the defendant was again convicted. The case is now before us on the defendant's bill of exceptions, and the only exception he presses is to the overruling of his motion for a directed verdict.

The defendant's principal argument is that a conviction for this kind of traffic violation requires testimonial evidence that the device in question was placed and maintained on or over a public highway by a governmental agency or body pursuant to statutory authorization. He concludes that the state's failure to produce such evidence required a directed verdict in his favor.

---

[1]The pertinent part of G. L. 1956 (1968 Reenactment) §31-13-9 reads as follows:

"Whenever an illuminated flashing red or yellow signal is used in a traffic sign or signal it shall require obedience by vehicular traffic as follows:

(1) Flashing red (stop signal). When a red lens is illuminated with rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest crosswalk at an intersection or at a limit line when marked, or, if none, then before entering the intersection, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign."

The state concedes that defendant correctly states the elements of the offense charged. It urges, however, that the officer's testimony that the device in fact existed triggered the presumption that public officials had properly discharged their duties of placing and maintaining authorized devices (§31-13-2(a) and §31-13-3, as amended by P. L. 1968, ch. 113, §2) and removing unauthorized devices (§31-13-10);[2] that the facts presumed merited consideration no less than the fact proved by oral testimony; and that under our directed verdict rule[3] the two considered together provided sufficient evidence of the essential elements of the offense to require denial of defendant's motion. The state's view that the presumption of regularity becomes operative in cases of this kind upon proof of the mere fact of the existence of a traffic control device is supported by the authorities and seems to us to be soundly premised. *State* v. *Klapes,* 2 Conn. Cir. 23, 193 A.2d 901 (App. Div. 1963); *State* v. *Cooper,* 129 N.J. Super. 229, 322 A.2d 836 (1974); *Commonwealth* v. *Kubelius,* 209 Pa. Super. 535, 232 A.2d 39 (1967).

The defendant relies on *State* v. *Palmer,* 95 R.I. 6, 182 A.2d 324 (1962). That was a speeding case in which we held that the trial justice had erroneously accepted secondary, rather than primary, evidence of the promulgation and contents of the regulation fixing the maximum prima

---

[2]The presumption of regularity is recognized in this state. *See State v. Alix,* 110 R.I. 350, 354, 293 A.2d 298, 300 (1972); *Salvail v. Sharkey,* 108 R.I. 63, 68, 271 A.2d 814, 817 (1970); *Andruzewski v. Smith,* 105 R.I. 463, 466-67, 252 A.2d 914, 916 (1969); *Cole v. Zoning Bd. of Review,* 102 R.I. 498, 509, 231 A.2d 775, 781 (1967).

[3]The rule in this state on motions for a directed verdict of acquittal requires the court to view the evidence and the inferences reasonably deducible therefrom in the light most favorable to the state. *State v. Capone,* 115 R.I. 426, 430, 347 A.2d 615, 618 (1975); *State v. Howard,* 114 R.I. 731, 735, 339 A.2d 259, 262 (1975); *State v. Crescenzo,* 114 R.I. 242, 256, 332 A.2d 421, 429 (1975).

facie speed limit. The case is important here, however, not because of that holding, but because of its dicta that the introduction into evidence of the regulation itself, or of a certified copy thereof, "* * * would have carried with it a presumption of regularity and the burden of establishing the contrary would have been on defendant as an affirmative defense." *Id.* at 10, 182 A.2d at 326.

That expression is more helpful to the state than it is to defendant. It makes clear that the presumption of regularity is available to establish essential elements in a prosecution for a violation of the Motor Vehicle Code Act. True, the presumption was unavailable in the *Palmer* case, but only because there was no probative foundation upon which it could rest. Here, however, the prerequisite basis was established when the police officer testified that the traffic light existed. There was a rational relationship between that fact and the facts presumed. Consequently, under our directed verdict rule, see note 3 *supra,* it was proper to deny defendant's motion for a direction and to submit the case to the jury notwithstanding that the state had not produced evidence that the flashing red light was official and had been erected and was being maintained in conformity with law.

We summarily reject the defendant's further contention that he was entitled to a directed verdict because of the state's failure to produce any evidence that he had not stopped before entering the intersection. Clearly, the inferences reasonably deducible from the police officer's testimony would justify a jury finding that the defendant had not in fact stopped. The state was required to produce no more, see note 3 *supra.*

The defendant's exception is overruled, and the case is remitted to the Superior Court for further proceedings.

Mr. Justice Paolino did not participate.

*Julius C. Michaelson,* Attorney General, *John R. McDermott,* Special Asst. Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.