**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0828-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

FRANKLIN JACK BURR, II,

     Defendant-Appellant.

_____

> Argued June 5, 2019 – Decided June 27, 2019
>
> Before Judges Koblitz, Currier and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 07-2018.
>
> Franklin Jack Burr, II, appellant, argued the cause pro se.
>
> Joie D. Piderit, Assistant Prosecutor, argued the cause for respondent (Andrew C. Carey, Middlesex County Prosecutor, attorney; Joie D. Piderit, of counsel and on the brief).

PER CURIAM

Defendant appeals from his September 7, 2018 conviction after a trial de novo on the record for the motor vehicle violation of failing to observe a traffic control device by driving through a red light, N.J.S.A. 39:4-81, on January 12, 2018 in Highland Park. At the municipal court trial, the ticketing officer testified and the video from his patrol car was played. Defendant, who was represented by counsel during this time, also testified. The municipal court found defendant guilty and imposed a $100 fine, $33 in court costs, and a $6 assessment fee. Two points were placed on defendant's license, however, the municipal court informed defendant the points would be removed if he successfully completed a safe driving course, which he has done. After his trial de novo, the Law Division reduced his fine from $100 to the minimum of $50. The court costs and assessment fee remained the same.

Arguing that these were "exceptional circumstances," defendant asked the Law Division to admit the following items that were not part of the municipal court record: (1) an eighty-five-page Supreme Court report on municipal courts;[1] (2) a letter from defendant's previous attorney, dated before the municipal court trial, stating her intention to present a video defendant made

---

[1] Report of the Supreme Court Committee on Municipal Court Operations, Fines, and Fees (June 2018).

because it was relevant under N.J.R.E. 401 and N.J.R.E. 402; and (3) the video created by defendant depicting the traffic light and "several lights on subsequent blocks" with a timer to show the "duration of each amber light." The Law Division denied defendant's motion to supplement the record with this evidence, finding defendant had not sought to introduce it before the municipal court and the evidence was either irrelevant or duplicative.

The Law Division found the officer credible, and that the patrol car video supported the officer's testimony. The court did not find defendant to be a credible witness. In a thoughtful and thorough written opinion, Judge Robert J. Jones, Jr., affirmed the findings of the municipal court. We affirm substantially for the reasons expressed by the Judge Jones. We add only the following.

Before hearing the parties' arguments, Judge Jones stated that he watched the police video "at least [twenty] different times. So you can rest assured that I have looked at it very closely." Defendant argued the video should be "slowed way down or stopped and examined frame by frame [so] the truth comes out. And the truth is the opposite of what the eye thinks it saw." Judge Jones stated: "I agree with you on that, and I have stopped it and started it and stopped it and started it repeatedly. [J]ust so you know . . . what my review of it has entailed."

A-0828-18T1

In his written opinion, the judge first found the yellow light was displayed for three seconds. The judge "stopped [the video] at the moment the light turned from green to yellow" and "watched the counter embedded in the video to determine the length of the yellow light. It ran for three seconds." Judge Jones then found defendant's car "was not in the frame of the video camera at the point when the light turned yellow – it was still approaching the intersection." As the judge recalled, defendant "conceded at oral argument that he was not even in the video frame when the light turned yellow." Because defendant's car "had not reached either the stop bar or the crosswalk," the judge concluded, "even accounting for weather, there was time to stop at the yellow light." Judge Jones also found both that the light was red when defendant made the left turn, and that "defendant accelerated when he approached the intersection, as [the officer] testified."

He concluded that under State v. Cooper, 129 N.J. Super. 229, 231 (App. Div. 1974), the State proved defendant violated N.J.S.A. 39:4-81 because the evidence established that (1) defendant was the driver of the car; (2) the video showed that he did not obey the instruction of the traffic light; (3) the traffic light was official; and (4) the traffic light "was placed pursuant to the applicable statutes."

A-0828-18T1

Defendant raises the following issues on appeal:

POINT I: NEW JERSEY DRIVER MANUAL LEADS DRIVERS TO VIOLATE THE LAW – A VIOLATION OF FUNDAMENTAL FAIRNESS.

POINT II: THE MALFUNCTIONING TRAFFIC CONTROL DEVICE AT ADELAIDE AVENUE AND STATE ROUTE 27 MALFUNCTIONED BY SENDING CONFUSING AND ILLEGAL SIGNALS TO MOTORISTS ON ADELAIDE AVENUE.

POINT III: ON REVIEW DE NOVO, THE REVIEWING COURT OWES NO DEFERENCE TO THE TRIAL COURT'S RULING AS TO THE LAW.

POINT IV: BUT FOR ERRORS IN THE TRIAL COURT AS TO THE LAW, THE VERDICT WOULD HAVE BEEN DIFFERENT.

POINT V: COMPLIANCE WITH MUTCD[2] IS A LEGISLATIVE MANDATE THAT THE TRIAL COURT FAILED TO HONOR.

When a defendant appeals a municipal court conviction, the Law Division is "to determine the case completely anew on the record made in the municipal court, giving due, although not necessarily controlling, regard to the opportunity of the magistrate to judge the credibility of the witnesses." State v. Powers, 448 N.J. Super. 69, 72 (App. Div. 2016) (quoting State v. Johnson, 42 N.J. 146, 157

---

2 U.S. Dep't of Transp., Fed. Highway Admin., Manual on Uniform Traffic Control Devices (2009 ed., rev. 1 & 2 2012).

(1964)). "Our review of the factual record is also limited to determining whether there is sufficient credible evidence in the record to support the Law Division judge's findings." Ibid. We will "defer to those findings made in the Law Division that are supported by credible evidence, but we owe no deference to the legal conclusions drawn from those findings." Ibid. See also State v. Morgan, 393 N.J. Super. 411, 422 (App. Div. 2007) ("It is well-recognized that it is 'improper for [an appellate court] to engage in an independent assessment of the evidence as if it were the court of first instance.' Rather, '[a]ppellate courts should defer to trial courts' credibility findings that are often influenced by matters such as observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record.'") (alterations in original) (quoting State v. Locurto, 157 N.J. 463, 471, 474 (1999)).

It is "more compelling" to defer to the Law Division where both the Law Division and municipal court "have entered concurrent judgments on purely factual issues." State v. Reece, 222 N.J. 154, 166 (2015) (quoting Locurto, 157 N.J. at 474). "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. (quoting Locurto, 157 N.J. at 474).

A-0828-18T1

In State v. S.S., our Supreme Court held that an appellate court reviews a trial court's findings that are "based solely on video or documentary evidence" under a clearly mistaken or clearly erroneous standard of review. 229 N.J. 360, 379-81 (2017). The Court found that in such a scenario, an appellate court must defer to a trial court's factual findings when those findings are supported by sufficient credible evidence in the record. Ibid. The municipal court and Law Division were not clearly mistaken with regard to the content of the patrol car videotape, which was confirmed by the credible testimony of the police officer.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0828-18T1